**Deward L. HERRING and Pauline Herring, Plaintiffs-Appellants,**

v.

**Lambert E. BEHLMANN and Alma M. Behlmann, Defendants-Respondents.**

**No. 52586.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1987.

Dan B. Dildine, Troy, for plaintiffs-appellants.

Anthony Vaiana, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal by Deward L. Herring and Pauline Herring from an order of the Lincoln County Circuit Court granting summary judgment to respondents, Lambert E. Behlman and Alma M. Behlman, on appellants' claims for slander of title, abuse of process and tortious interference with contract.

The events which gave rise to this action began in 1983 when appellants sought to sell a section of their property in Lincoln County only to learn after entering into a contract for the sale of that property that a portion of the tract was titled in the name of the Behlmans; the respondents here. Appellants then approached the respondents, obtained their admission that they had never used that area of land and asked them to execute a quitclaim deed to the area. Respondents refused, but offered to sell appellants the disputed acreage. Appellants refused the offer and instituted a quiet title action, alleging that they and their predecessors in interest had gained title to the disputed area by adverse possession. In the interim, however, the proposed purchasers of the tract withdrew

from their contract to purchase, allegedly because of the title dispute.

The quiet title action was resolved on its merits in favor of appellants who then sold the tract which they had initially planned to sell, but at a lower price than that specified in the first contract for sale of the property. This action ensued based on the theory that respondents acted improperly in refusing to quitclaim the disputed acreage and in contesting the appellants' claim in the quiet title action.

Appellants contend here that they stated causes of action in all three counts, slander of title, count one, abuse of process, count two, and tortious interference with contract, count three, and that there were material issues of fact in dispute which precluded the entry of summary judgment. We disagree.

There is no dispute that prior to entry of judgment in the quiet title action, the record owners of the property at issue were the respondents. When appellants contracted to sell the disputed acreage, respondents did not come forward to object or to interfere with the contract. They simply refused to execute a quitclaim deed for the area when they were approached by appellants. Respondents did not bring a quiet title action, but only responded to appellants' allegations by defending the action after being named defendants.

Appellants have failed to cite any authority, and this court has failed to find any authority, for the proposition that the record owner of a piece of property when confronted by a claimant who alleges that he has acquired title by adverse possession is required to accept that assertion. Nor is there any authority to the effect that the record owner must execute a quitclaim deed in response to a claim of title by adverse possession. If this were the case, there would be no need for quiet title actions in adverse possession cases. Even if, as appellants assert, respondents were not using the disputed acreage and had not, prior to being approached by appellants, known that they held the record title to the area, respondents were entitled to stand on the record title and require appellants to prove their claim of adverse possession.

■ Under the case law, a claimant who asserts title by adverse possession bears the burden of establishing that he has met the requirements of open, exclusive and notorious possession adverse to the claim of the record owner(s) on a continuing basis for the statutory period. He is not entitled to acquiescence by the record owner(s), *Allen v. Wiseman*, 359 Mo. 1026, 224 S.W.2d 1010, 1012 (1949), and the holder of record title is not liable in a slander of title action for requiring the claimant to prove his claims.

■ The specific statements made by respondents in their pleadings in the quiet title action or in the judicial proceedings involved in that action were also subject to an absolute privilege and cannot form the basis for a slander of title action. *Laun v. Union Electric Co. of Missouri*, 350 Mo. 572, 166 S.W.2d 1065, 1069 (1942); *Greening v. Klamen*, 652 S.W.2d 730, 734 (Mo. App.1983).

■ Appellants also assert liability in count one resulting from respondents' admitted recording of a warranty deed which included the disputed acreage and respondent Lambert E. Behlman's oral assertion to a real estate broker that he was the record owner of the disputed area. Neither of these actions can form the basis for a slander of title action because in order to support a claim for slander of title, words spoken or statements in deeds must be false. *Long v. Rucker*, 166 Mo.App. 572, 149 S.W. 1051, 1054 (1912). There is no assertion that the warranty deed was not a duly executed deed or that it contained false statements; and undisputedly, Lambert Behlman was one of the record owners of the property at issue when he allegedly made the statement to the real estate broker.

■ With regard to appellants' abuse of process claim, we note that the foundation of a suit for abuse of process is that the previous claim was brought for a collateral purpose. *See Wells v. Orthwein*, 670 S.W.2d 529, 533 (Mo.App.1984). Appellants have failed to cite any authority that a *defendant's* refusal to acquiesce to a plaintiff's claim and his filing of pleadings contesting plaintiff's claim can constitute an

abuse of process, regardless of his reasons for failing to acquiesce. "[N]o liability [for abuse of process] is incurred where the defendant has done nothing more than pursue a lawsuit to its authorized conclusion regardless of how evil his motive may be." *Wells v. Orthwein,* 670 S.W.2d at 533.

Nowhere in count two of appellants' petition is there an assertion that respondents did any more than require appellants to meet their burden of proof in the quiet title action. Whether or not a defendant in a lawsuit can be found liable later in an abuse of process action is a matter which is not before us and which we do not resolve here. In the case *sub judice* the actions which appellants use as a basis for their cause of action constitute nothing more than pursuing the quiet title action to its authorized conclusion.

■ Finally, we address appellants' claim for tortious interference with their original contract to sell the tract. In order to assert a claim for tortious interference with a contract, a plaintiff must assert a contract or valid business relationship or expectancy existed, the defendant(s) knew of the contract, defendant(s) intentionally interfered with the contractual relationship without justification and damages ensued. *Community Title Co. v. Roosevelt Federal Savings & Loan Association,* 670 S.W.2d 895, 904–905 (Mo.App.1984).

■ We acknowledge that appellants pled each of the above elements. However, we note that "[m]ere conclusions of the pleader not supported by factual allegations cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted." *Cady v. Hartford Accident and Indemnity Co.,* 439 S.W.2d 483, 485 (Mo. 1969). No liability arises for procuring a breach of contract if the action which caused the breach was an act which the defendant had a definite legal right to do without any qualification. *See, Pillow v. General American Life Insurance Company,* 564 S.W.2d 276, 281 (Mo.App.1978). Respondents asserted that they were the record owners of the disputed portion of the tract and their assertions are the claimed basis for their liability under a theory of tortious interference with con-

tract. Until the quiet title action was resolved, respondents were undisputedly the record owners and thus their claims to that effect cannot be said to be without justification.

Therefore, appellants failed to adequately state a cause of action for tortious interference with the original contract for the sale of the tract, just as they failed to state causes of action for slander of title or abuse of process.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.