Harold R. and Dorothy J. MEYER, Respondents,

v.

Lonnie E. and Linda A. LIPE, Appellants.

No. ED 75302.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 2000.

Application for Transfer Denied April 25, 2000.

Kenneth K. Schmitt, St. Louis, for Appellant.

Steven Paul Kuenzel, Law Office of Eckelkamp, Eckelkamp, Wood & Kuenzel, Washington, MO, for Respondent.

SHERRI B. SULLIVAN, Judge.

Lonnie E. and Linda A. Lipe (Appellants) appeal the judgment of the trial

court enforcing the oral settlement agreement between Appellants and Harold R. and Dorothy J. Meyer (Respondents). The court found that the case involved a boundary line dispute between the parties and as such, the Statute of Frauds was not applicable to bar enforcement of the oral settlement agreement. We reverse.

Respondents purchased real estate in Franklin County on October 21, 1977. Respondents allege that they considered their property to include all property up to a boundary line running along the north side of Respondents' driveway. Respondents contend that since October of 1977, they have treated the property south of the boundary line as their property and have continually used said property and the driveway.

Appellants purchased real estate adjoining Respondents' property on October 7, 1987. Appellants considered the property described above to belong to them. Respondents filed a petition seeking quiet title to the disputed property by adverse possession. Respondents later filed an amended petition, adding a claim for injunctive relief. On the date set for trial, the parties, their attorneys, and trial judge Ralph Voss met at the property and discussed settlement negotiations. The parties reached an oral settlement agreement, agreeing as to where the new boundary line would lie, and that Respondents would pay Appellants $4500.00 for the portion of land they relinquished to Respondents under the agreement. Appellants maintain that they signed no documents, and no release or other agreement was presented to them.

Appellants then retained new counsel and directed new counsel to advise the court and counsel for Respondents that they did not agree to the terms which Respondents claimed were reached and that they would not proceed to enter into any proposed written settlement agreement. Respondents filed a Motion to Compel Enforcement of Compromise Agreement and Decree Quieting Title. The court held a hearing on Respondents' motion, and entered its Judgment sustaining the motion. In its Judgment, the court ordered that Respondents were vested with the disputed property, and all pending claims were dismissed with prejudice. Appellants appeal the judgment.

The appellate court will sustain the decree or judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of evidence" with caution and with a firm belief that the judgment or decree is wrong. *Id.*

The issue in this case is whether the parties' oral agreement involves the actual transfer of land, or a mere boundary dispute. If it involves the transfer of land, the Statute of Frauds prohibits the enforcement of the oral agreement. Section 432.010 RSMo (1994).[1] If it involves a boundary dispute, the Statute of Frauds does not apply. *DeWitt v. Lutes*, 581 S.W.2d 941, 945 (Mo.App.S.D.1979). The trial court specifically found as stated in its Order and Judgment that "the underlying case involved a boundary line dispute" and was not governed by the Statute of Frauds.

In determining whether the Statute of Frauds is applicable to a compromise settlement, courts are concerned with the intended effect of the compromise, and not with the question of whether the parties' antecedent claims are based on matters governed by the Statute of Frauds. *Sappington v. Miller*, 821 S.W.2d 901, 903 (Mo.App.W.D.1992); *DeWitt*, 581 S.W.2d at 945. In *Sappington*, the court found that " . . . the intended consequence of the

---

1. All further statutory references are to RSMo (1994), unless otherwise indicated.

[parties'] settlement agreement was that appellant would convey her interest in the disputed property to respondent in exchange for an $8,000.00 promissory note and deed of trust. This transaction is governed by the terms of the Statute of Frauds." 821 S.W.2d at 903. By contrast, *DeWitt* involved an uncertain boundary line between the parties' properties. In *DeWitt*, the court said, "[A] compromise which fixes a disputed or uncertain boundary line is not considered to involve a conveyance of land or passage of title, but is considered as an effort merely to clarify and give effect to the title which the parties already have, ... Such an agreement is neither within the scope of the Statute of Frauds nor within the scope of the statutes regarding conveyance of real estate." 581 S.W.2d at 945, citing 15A Am. Jur.2d, Compromise and Settlement, § 10, at pp. 782–783; 12 Am.Jur.2d, Boundaries, §§ 77–79, at pp. 613–616.

In the instant case, Respondents admitted that the disputed property described in the warranty deed held by Appellants was property owned by Appellants, prior to Respondents filing their lawsuit. Respondents sought title to the property by adverse possession. The actual boundary line was never in dispute.

■ Appellant Lonnie Lipe testified that he agreed and was expecting to receive $4,500.00 from Respondents in exchange for any boundary area adjusted by the compromise settlement. Further, Respondents' Motion to Compel specifically requested that Appellants be ordered to execute a general warranty deed for the adjusted property. In its Order and Judgment, the court ordered that property to be vested in Respondents. In this respect, the effect of the compromise was to transfer land from Respondents to Appellants.

Additionally, the details of the compromise settlement agreement are set forth in the Stipulation prepared by Appellants' attorney. The Stipulation reads in pertinent part, in paragraph 1: "The parties shall exchange the properties as marked on the trees and as defined to the court on March 2, 1998. . . . Each party agrees to transfer said property free and clear of any and all liens, restrictions, encumbrances and/or claims and shall indemnify and hold the other harmless therefrom." Although characterized as a boundary dispute by the trial court, the law is concerned with the effect of the agreement, which as indicated by the language of the Stipulation, was the actual transfer of land. *Sappington*, 821 S.W.2d at 903; *DeWitt*, 581 S.W.2d at 945.

The record also shows that the surveyor included both the original boundary line and the proposed boundary line in his survey. Such a survey is not indicative of a boundary dispute, which is a dispute over where an *uncertain* boundary line correctly lays. Rather, it demonstrates that there was a certain and undisputed boundary line before Respondents claimed that it should be adjusted because they had acquired land on Appellants' side of it by adverse possession.

Respondents argue that they acquired the land at issue by adverse possession *before* the settlement agreement was effected, and therefore, the compromise settlement agreement merely involved a boundary dispute.

■ For an adverse possession claim to succeed, the possession must be: (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for ten years prior to the commencement of the action. *Strubberg v. Roethemeyer*, 941 S.W.2d 557, 560 (Mo. App. E.D.1997). Respondents maintain that once the statutory period for adverse possession runs, the possessor is vested with legal title and the record owner is divested. *Witt v. Miller*, 845 S.W.2d 665, 668 (Mo.App. E.D.1993). Although that is a correct statement of the law, Respondents still must plead *and prove* their adverse possession claim. Persons claiming title by adverse possession have the burden of proving each element necessary to establish title. *Herring v. Behlmann*, 734 S.W.2d 311, 313 (Mo.App. E.D.1987).

There is no evidence in the record that the land was adjudicated to belong to Re-

spondents by virtue of adverse possession. The court dismissed Respondents' claim of adverse possession, without determining whether it had merit. The land was adjudicated to belong to Respondents by virtue of enforcement of the compromise settlement agreement. Accordingly, Respondents' claim that they had title to the land by virtue of adverse possession is without merit.

■ The trial court noted in its Order and Judgment that "even though this case is not governed by the Statute of Frauds, that even if the Statute of Frauds were applicable that Plaintiffs took numerous steps in reliance to take this matter out of the Statute of Frauds as an exception." Appellants maintain that Respondents are not entitled to equitable relief from the mandate of the Statute of Frauds because they did not act in reliance on the compromise settlement in such a way as to materially change their positions, such that restitution is inadequate.

■ Although the Statute of Frauds is a legal justification for refusing to perform a verbal agreement for conveyance of realty, courts of equity will enforce such oral contracts to prevent gross injustice or deep-seated wrong to one of the contracting parties. *Jones v. Linder*, 247 S.W.2d 817, 819 (Mo.1952). In the instant case, Respondents incurred a $500.00 expense to commission a survey, borrowed $5000.00 from Mercantile Bank to pay Appellants, and had to pay an indeterminate amount of interest on the loan. We find that Respondents' position has not been so materially changed so as to cause gross injustice. Restitution is an adequate remedy for the particular damages sustained by Respondents.

The judgment of the trial court is reversed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.