**In re the IDELLA M. FEE REVOCABLE TRUST.**

**Idella M. Fee, Phyllis A. Dodds and Sarah N. Anderson, Trustees, Plaintiffs–Respondents,**

v.

**Richard L. Dodds, Sr., and Carolyn S. Dodds, his wife, Defendants–Appellants.**

**No. 25746.**

Missouri Court of Appeals, Southern District, Division Two.

July 1, 2004.

Motion for Rehearing or Transfer to Supreme Court Denied July 23, 2004.

Application for Transfer Denied Sept. 28, 2004.

---

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for appellants.

Mary Eftink Boner, Buerkle, Beeson, Ludwig, Jackson & Boner, Jackson, for respondents.

JOHN E. PARRISH, Judge.

Richard L. Dodds, Sr., and Carolyn S. Dodds (referred to collectively as defendants) appeal a judgment quieting title to certain real estate (Count I) and awarding damages against defendants for slander of title (Count II). The action was brought by Idella M. Fee, Phyllis A. Dodds and Sarah N. Anderson, trustees of the Idella M. Fee Revocable Trust (collectively referred to as trustees). This court affirms in part, reverses in part, and remands with directions.

Idella Fee and her husband, Albert A. Fee, acquired title to certain property in Bollinger County in 1971 (the south tract). They acquired title to an adjoining parcel of land (the north tract) in 1975. Following Mr. Fee's death, Idella Fee held title to both parcels. On August 10, 1999, Idella Fee executed a beneficiary deed conveying the north tract to her son, Richard L. Dodds, Sr. The beneficiary deed recited that it was subject to revocation and change as permitted by law.

Idella Fee thereafter executed a general warranty deed dated August 17, 1999, conveying the same parcel, the north tract, to Richard L. Dodds, Sr. The deed was recorded at Book 353, Page 651, in the deed records of Bollinger County, Missouri. Richard L. Dodds, Sr., and Carolyn Sue Dodds, his wife, conveyed by general warranty deed dated September 21, 1999, the north tract to themselves. The deed named "Richard L. Dobbs, Sr. and Carolyn Sue Dodds, his wife" as grantees.

Idella Fee thereafter sought cancellation and recission of the August 17, 1999, warranty deed and other relief against Richard L. Dodds, Sr., by lawsuit No. CV100–141CC in the Circuit Court of Bollinger County. Judgment was entered May 2, 2001, setting aside "the deed of August 17, 1999, found in Book 353 at Page 651 of the Bollinger County Land Records."[1] The judgment further enjoined Richard L. Dodds, Sr., from interfering with Idella Fee's "unfettered access" to the property and that of "her guests or family members." Richard L. Dodds, Sr., was ordered not to interfere with "timber, brush, fences, L.P. gas tanks, wells, or other improvements of any kind whatsoever located on said property." He was ordered not to erect fences, improvements or obstructions of any kind on the property.

Following entry of the judgment setting aside the deed to Richard L. Dodds, Sr., Idella Fee executed and recorded a quitclaim deed revoking the beneficiary deed that conveyed the north tract to Richard and conveying the north tract to trustees in their capacity as trustees of the Idella M. Fee Revocable Trust. In February 2002, Carolyn S. Dodds executed a general warranty deed conveying the north tract to "Richard L. Dodds, Sr. and Carolyn Sue Dodds, his wife." Thereafter, trustees brought this action. Defendants counterclaimed seeking, among other things, declaration that the judgment in case No. CV100–141CC was void and requesting a declaration that title to the north tract remain "in Richard L. Dodds, Sr., and his wife, Carolyn S. Dodds as tenants by the entirety."

The trial court granted summary judgment as to Count I declaring that "[t]itle

---

1. The trial court found, in case No. CV100–141CC, that Richard L. Dodds, Sr., exerted undue influence on Idella Fee; that his actions, "coupled with the relatively recent passing of her husband of many years, [and] her possible isolation without support in a remote portion of Bollinger County," thwarted her free agency and voluntary action.

to said real estate is hereby quieted in and to [trustees] as against Defendants, ... and any person or entity claiming under or through them." The trial court further granted summary judgment for trustees on defendants' counterclaim. Following an evidentiary hearing, the trial court entered judgment on Count II for trustees and assessed damages against defendants "for attorney fees and costs of litigation in the total amount of $4,297.58."

### The Summary Judgment

■ Defendants filed with this court the suggestion that this appeal could not be maintained. Defendants contend the trial court had no authority to enter summary judgment because the trial court docket entry dated June 13, 2003, reflects both the filing of the motion for summary judgment and entry of summary judgment. Defendants argue, "Since Motion for Summary Judgment cannot be considered as filed until June 13, 2003 ... the Trial Court was not authorized to enter any judgment upon the Motion for Summary Judgment at least until a reply was filed thereafter or thirty (30) days had expired in accord with Rule 74.04(c)(2) and 74.04(c)(6)."

Rule 74.04(c) states the pleading requirements related to summary judgments. Rule 74.04(c)(2) allows the adverse party to a motion for summary judgment 30 days in which to serve a response on the moving party. Rule 74.04(c)(4) permits time for filing a sur-reply. Rule 74.04(c)(6) provides, "After the response, reply and any sur-reply have been filed or the deadlines therefor have expired, the court shall decide the motion."

The motion for summary judgment is date-stamped as "filed" June 13, 2003, the date judgment was entered in the case. The record on appeal includes a copy of the response of defendants to the motion for summary judgment. It has no date-stamp. The June 13, 2003, docket entry includes a statement that the motion for summary judgment was "received in Judge's office sometime in March, 2003. A copy was not sent to the Circuit Clerk's office until 6/13/03 when the file was returned." A similar entry was made with respect to a Memorandum in Support of [Trustees'] Motion for Summary Judgment stating that it was received in the judge's office sometime in March 2003.

■ Rule 43.02(b) permits pleadings and other papers to be filed with the judge who shall forward them to the clerk's office. "A motion is considered filed when 'delivered to the proper officer and lodged in his office.'" *Freeman v. Leader Nat'l Ins. Co.*, 58 S.W.3d 590, 595 (Mo.App. 2001), *quoting Ely v. Parsons*, 399 S.W.2d 613, 619 (Mo.App.1966). The motion for summary judgment in this case reflects service on defendants on March 19, 2003. Additionally, the copy of the docket sheets in the legal file reflects defendants' response to the motion for summary judgment was filed April 18, 2003, and trustees' sur-reply was filed May 6, 2003. The motion for summary judgment was filed upon delivery to the trial judge. The requisite time for filing responses occurred (and was met) prior to the trial court disposing of the motion for summary judgment and its entry of the judgment that is the subject of this appeal. The appeal is, therefore, properly before this court for determination.

### Merits of the Appeal

■ Point I is directed to the summary judgment entered on Count I. Defendants contend that Carolyn S. Dodd was an indispensable party to Bollinger County case No. CV100–141CC, the case in which judgment was entered cancelling and rescinding the warranty deed dated August 17,

1999, by which Idella Fee conveyed the north tract to Richard L. Dodds, Sr. Defendants characterize the action by which the deed was rescinded as having sought "to quiet title to real property." Defendants argue that at the time of filing that action, "the said Carolyn S. Dodds was an owner of record of the disputed real estate along with her husband, Richard L. Dodds, as a tenant by the entirety with him by virtue of a general warranty deed executed and recorded approximately one (1) year before Idella M. Fee instituted her rescission suit against Richard L. Dodds and in this instant case, while Carolyn S. Dodds is now a defendant, no evidence except the original judgment setting aside the deed to her husband and in which only her husband was a party defendant was presented in the [trustees'] motion for summary judgment."

Defendants complain that Carolyn S. Dodds was considered by the trial court in this case as "bound by a prior judgment taking her interest in real property" although she had not been a party to the prior case to cancel or rescind the deed by which Idella Fee conveyed the north tract to Richard L. Dodds, Sr. Point I contends "the trial court [in case No. CV100–141] lacked jurisdiction to decide the rescission case"; that, therefore, "[that judgment] cannot be the basis for holding against [the defendants]." Defendants argue the judgment in case No. CV100–141 was a nullity because Carolyn S. Dodd was not included as an indispensable party in the case.

Defendants characterize the earlier action as a dispute concerning ownership of real estate. They argue that in such cases, a titleholder of record is an indispensable party. Defendants' statements are apt with respect to actions for quiet title in which the ownership of real estate is in dispute. See, e.g., *Buford v. Lucy*, 328 S.W.2d 14, 19 (Mo.1959); *Moran v.*

*Flach*, 752 S.W.2d 956, 958 (Mo.App.1988); *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo.App.1984). The problem with defendants' analysis is not the correctness of the statement of law on which they rely, but the characterization of the earlier action for cancellation or rescission of a deed as a dispute concerning ownership of property. The earlier action was not an action to quiet title. It was an action for cancellation or rescission of a deed. Thus, the indispensable parties were " '[a]ll parties to the instrument sought to be canceled.' " *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 143 (banc 1952) (Dalton, J., dissenting), *quoting* 12 C.J.S., Cancellation of Instruments, § 52, p. 1028.

Carolyn S. Dodd was not a party to the instrument sought to be cancelled in case No. CV100–141CC. She was not an indispensable party to the action to cancel or rescind the deed. *Id.* Thus, the judgment in the previous case was not a nullity. Point I is denied.

■■■■ Point II asserts that the summary judgment that determined title to the north tract was vested in plaintiffs was error because defendants held title to the property as tenants by the entirety before the judgment in case No. CV100–141CC set aside the conveyance from Idella Fee to Richard L. Dodds, Sr. The basis for the trial court's action in case No. CV100–141 was that the deed that was cancelled or set aside had been executed by Idella Fee under undue influence and duress exerted by Richard L. Dodds, Sr. An instrument executed under undue influence and duress is voidable, not void. *State ex rel. State Highway Com'n v. City of St. Louis*, 575 S.W.2d 712, 737 n. 21 (Mo.App.1978) (McMillan, J., dissenting). A voidable deed is sufficient to convey valid title to a grantee until that deed is set aside. *Manard v. Williams*, 952 S.W.2d 387, 392 (Mo.App.1997); *Pemberton v. Reed*, 545

S.W.2d 698, 701 (Mo.App.1976). At the time Richard L. Dobbs, Sr., (joined by his wife in making the conveyance) conveyed the north tract to himself and Carolyn S. Dodds, his wife, the deed by which title had been conveyed to him had not been set aside. He possessed valid title sufficient to convey.

The issue presented by Point II is whether the judgment in case No. CV100–141CC that set aside the deed by which Richard L. Dodds, Sr., took title to the property affected the earlier conveyance by Richard (and his wife) to themselves. In order to make that determination this court must ascertain whether defendants were bona fide purchasers. A bona fide purchaser takes free of adverse claims to prior, unrecorded interests in the property. *Johnson v. Mervyn W. Jenkins, Inc.*, 904 S.W.2d 586, 589 (Mo.App.1995). Idella Fee's claim of undue influence and duress in the execution of the deed to Richard L. Dodds, Sr., was such a claim.

"A bona fide purchaser is one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith." *Johnson v. Stull,* 303 S.W.2d 110, 118 (Mo.1957). Defendants were not bona fide purchasers in that no consideration was paid for the conveyance by which Carolyn S. Dodds claims an interest in the property as a tenant by the entirety. Defendants admit no consideration was paid by Carolyn S. Dodds or on her behalf.[2] Point II is denied.

Defendants' Points III, IV, V and VI are directed to the part of the judgment awarding damages to trustees on

Count II, trustees' action for slander of title. Point V is determinative. It contends the trial court erred in granting judgment to trustees on Count II because the instrument on which trustees' claim was predicated recited no falsity; that Carolyn S. Dodds had an interest in the real estate that was conveyed by the deed in question, the February 25, 2002, warranty deed by which she conveyed title to the north tract to herself and Richard L. Dodds, Sr.

Elements of a claim for slander of title are (1) words were published that were false; (2) the words were maliciously published; and (3) the words resulted in pecuniary loss or injury to the party maintaining the action. *Connaway v. Walters,* 786 S.W.2d 913, 917–18 (Mo.App.1990). Plaintiffs failed to prove the first element.

Carolyn S. Dodds claimed her interest in the real estate from the conveyance from her husband and herself recorded in September 1999. That conveyance occurred prior to the time the deed by which Richard L. Dodds, Sr., took title was cancelled or rescinded. As previously discussed, the conveyance was voidable, not void. Richard L. Dodds, Sr., held title to the north tract at that time because the conveyance by which he acquired the property had not been set aside. *Manard v. Williams, supra.*

Carolyn S. Dodds was not a party to any suit to set aside the interest of record she held until the present action. At the time she filed the deed by which she sought to convey title, she was a record owner. A cause of action for slander of title will not lie for a record owner's refusal to acquiesce in a claimant's alleged

---

**2.** Defendants argue that no payment is necessary to perfect a conveyance from one spouse to the other, citing *Kramer v. Kramer,* 709 S.W.2d 157 (Mo.App.1986). *Kramer* involved transmutation of separate property to marital property between parties to a dissolution action. It did not involve a third party interest in the real estate. It is of no consequence to this action. Compare *Allaben v. Shelbourne,* 357 Mo. 1205, 212 S.W.2d 719, 723 (1948).

ownership prior to adjudication of that party's interest by quiet title. *Herring v. Behlmann,* 734 S.W.2d 311, 313 (Mo.App. 1987). Filing of a warranty deed by a record owner will not support a claim for slander of title in that the words claiming title are not false. *Id.* Point V is granted. Point V requires reversal of the part of the judgment awarded plaintiffs on Count II. Points III, IV and VI are, therefore, moot.

A further matter warrants action by the trial court on remand although not germane to the dispute over ownership of the north tract that was the basis for this action. The judgment the trial court entered addressed title to both the north tract and the south tract although trustees' petition and motion for summary judgment sought determination of title only with respect to the north tract. Upon remand and entry of judgment, no adjudication should be made with respect to title to the south tract.

The judgment is reversed as to Count II. It is further reversed as to the part of the judgment as to Count I that addresses the south tract. In all other respects the judgment is affirmed. The case is remanded with directions to enter judgment consistent with this opinion.

RAHMEYER, C.J., and BATES, J., concur.