Donald Harvey KIEM,
Appellant/Petitioner,

v.

Esta Tobin KIEM,
Respondent/Respondent.

No. 68106.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 13, 1997.

David V. Collignon, Clayton, for appellant/petitioner.

Mark Kruger, St. Louis, for respondent/respondent.

RHODES RUSSELL, Presiding Judge.

Donald H. Kiem ("Father") appeals from a Judgment of Modification of his Decree of Dissolution granted March 23, 1987. Husband contends the court erred in imputing income to him, increasing his child support, and ordering him to pay Esta Tobin Kiem's ("Mother") attorney's fees. We affirm.

In the dissolution decree, Mother was awarded primary custody of the couple's son, Steven, with certain visitation rights granted to Father. Father was ordered to pay $550 per month in child support.

On May 10, 1993, Mother filed a motion to increase the child support. In her motion, she stated that Father's monthly gross income had increased significantly since the dissolution, and that Steven's monthly expenses, due to his age and need of psychiatric treatment, had increased significantly as well. Mother also requested attorney's fees. She alleged that Father had a greater income and was better able to pay these fees than her. She also stated that she incurred much of her fees in defending herself against Father's counter-motion to modify in which he sought primary custody of their child. Father dismissed without prejudice his counter-motion to modify, abandoning his request for custody shortly before trial.[1]

The trial court granted Mother's motion and increased the child support to $837 per month, retroactive to June 1, 1994. Father was also ordered to pay $8,000 as a portion of Mother's total attorney's fees of $12,300. This appeal follows.

■ This Court's review is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree of the trial court must stand unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* The award of child support is within the sound discretion of the trial court, and the trial judge's award will not be disturbed unless the evidence is insufficient to support it.

---

1. Father also dismissed without prejudice his motion to modify seeking a decrease in child support and for his attorney's fees and costs.

*Rich v. Rich,* 871 S.W.2d 618, 627 (Mo.App. 1994).

Father's first point alleges the trial court erred in increasing the child support to $837 per month by imputing income to him which was not supported by substantial evidence and was against the weight of the evidence.

Mother's Form 14 reported her monthly gross income as $2,632 and Father's as $8,853. Father testified that his monthly gross income was actually $4,652, which was comprised of interest income of approximately $4,200 per month and income from an advertising business he operated of approximately $300 to $400 per month. The remaining $4,201, he contends, was incorrectly imputed by the court, crediting him with income based on his 1993 tax return of $1,701 per month from his family owned business, the Kiem Brothers Partnership, ("partnership") and $2,500 per month based on his prediction that he would be able to earn $30,000 to $40,000 per year from his advertising business.

■ Husband disputes the income earned from the partnership in that he contends he never actually received the money, and thus, it was not available money from which child support payments could be made. Father argues this is merely "passive" income and should not be included in his gross income to calculate a child support obligation.

The instructions for completing Form 14 provide that gross income includes "income from any source." Gross income from a partnership is specifically included, minus ordinary and necessary expenses required to produce the income. According to Husband's tax returns, from 1990–1993, he grossed between $12,000 and $26,000 each year from the partnership. His most recent tax return, 1993, showed annual earnings of $20,412 ($1,701 per month).

Father also argues that there is no evidence that the income from the partnership actually produced funds from which he could pay child support. His argument is without merit. In *In re Marriage of Glueck,* 913 S.W.2d 951, 956 (Mo.App.1996), this Court held that income retained by a family business for business interests is attributable to the gross income of that parent for child support calculations. In *Glueck,* the mother had income from business interests including corporations, limited partnerships, and trusts. Although her income tax return for 1993 showed $89,000 in income from her family business, she testified that almost two-thirds of that income was retained in the family business. This Court found that the entire $89,000 must be included in her gross income for determining amount of child support. *Id.* Father, who has the burden to show the trial court erred, *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.1993), has not offered any proof that he never received that income from his family partnership.

■ Father also disputes the income imputed to him based on what he could earn by working full-time in advertising. The court may impute income to Father if Mother shows Father formerly earned, presently earns, or could presently earn more income than he did at the time of the dissolution. *Morovitz v. Morovitz,* 743 S.W.2d 893, 895 (Mo.App.1988).

Currently, Father was earning $300 to $400 per month in freelance advertising. He added this amount to his monthly interest income of approximately $4,200 per month when arriving at $4,652 as his monthly income. Father testified that he was presently working only three to five hours per week in his advertising business. This was because he suffered from depression and had not been able to work steadily since the end of 1993, about the time Mother filed the motion to increase child support. His efforts to find employment have been unsuccessful. Father testified that he spent an average of one to two hours per day "making calls" in pursuit of employment, though there are some weeks he made no calls at all. Father further testified that his current wife worked, earning approximately $25,000 per year. She shared in paying various household expenses. Father and current wife had maid service, and had taken several vacations to the Cayman Islands in recent years.

Father indicated that he was looking for employment and that he expected to earn between $30,000 and $45,000 per year. This

**606**

was a reasonable expectation based on his past income. Father reported income of $27,000 to $40,000 for the years 1990–1992 when he was working full-time in his own advertising agency. The trial court has the prerogative to determine the credibility of each witness and can accept or reject all, part, or none of the testimony. *Schaffer v. Haynes,* 847 S.W.2d 814, 820 (Mo.App.1992). The trial court determined that Father's bouts with depression should not significantly effect his ability to work full-time and that he was capable of earning at least $30,000 per year, in addition to his interest income and partnership income. Upon evaluation of the evidence submitted to the court, it increased the amount of child support to $837 per month. The imputation of income to Father was supported by substantial evidence and was not against the weight of the evidence. Point denied.

Father's final point is that the trial court abused its discretion in ordering him to pay $8,000 of Mother attorney's fees. Father contends that each party is equally capable of paying his or her own fees and that there are no unusual circumstances mandating a deviation from the general statutory rule that each party pay his or her own attorney's fees. *Rich,* 871 S.W.2d at 627.

Section 452.355 RSMo 1994 gives the trial court the power to make an award of attorney's fees after considering all relevant factors. The trial judge is considered an expert on the necessity, reasonableness, and value of attorney's services. *May v. May,* 801 S.W.2d 728, 734 (Mo.App.1990). The trial court has broad discretion in awarding attorney's fees and its ruling is reviewable only for abuse of discretion. *Rich,* 871 S.W.2d at 627.

Substantial evidence exists to support the trial court's decision to order Father to pay a portion of Mother's attorney's fees. Father's income was historically more than Mother's. Further, the trial court heard testimony that Mother's attorney's fees increased because of Father's counter-motion to modify seeking custody which was abandoned at the last minute. The trial court did not abuse its discretion in requiring Husband to pay $8,000 of Mother's attorney's fees. Point denied.

Judgment affirmed.

SIMON, J., concurs.

KAROHL, J., concurs on issue of child support; dissents on issue of attorney's fees.