**Michelle G. KAMINSKY,**
**Petitioner/Appellant,**

v.

**Jason B. KAMINSKY,**
**Respondent/Respondent.**

No. ED 76972.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 17, 2000.

Michael Conan, St. Louis, for appellant.

Mary E. Davidson, St. Louis, for respondent.

SHERRI B. SULLIVAN, Judge.

Michelle G. Kaminsky ("Wife") appeals from a trial court judgment sustaining in part Wife's Motion to Enforce Judgment seeking to enforce certain language in a Separation Agreement between Wife and Jason B. Kaminsky ("Husband"), incorporated into a Family Court Judgment granting dissolution of their marriage. We affirm.

The Separation Agreement provided that funds received by the parties from the sale of the marital home [1] would be used for "payment or reimbursement of each party's attorney fees incurred in connection with this action for Dissolution of Marriage, including reimbursement of such sums previously paid by each party to his or her respective attorney." [2]

The trial court found that "[i]mplicit in this language respecting attorney's fees and in the Court's approval of the Separation Agreement, must be the term 'reasonable' attorney fees. In light of the net proceeds that will be received by each party in this buy out, and considered that attorney fees and costs would exceed $50,-000.00, [Wife's] attorney's fees are found to be unreasonable and excessive."

The amount remaining from the funds received by the parties from the sale of the marital home to be applied to attorney fees [3] and subsequently to distribute to the

---

1. The parties' house was located in an area where condemnation was planned by the St. Louis Airport Authority, and the house was to be purchased by the Authority in connection with the Airport expansion.

2. This section also contained a handwritten addition initialed by Husband adding "and by

family members" after the words "paid by each party."

3. Prior to payment of attorney fees, the funds would first be used to satisfy a mortgage, a Home Equity Line of Credit, and two credit card bills.

parties[4] will be $72,000. The trial court found Husband's attorney fees to be $10,000[5] and Wife's attorney fees to be $33,990.35.[6] The trial court awarded Wife reasonable attorney fees of $13,000 and Husband reasonable attorney fees of $10,000 to be paid out of the funds received by the parties from the sale of the marital home. It then directed the parties to proceed with the closing of the marital home.

Wife argues that the trial court erred in modifying the parties' Separation Agreement by adding the word "reasonable" to the parties' agreement that funds received by the parties from the sale of the marital home would be used for payment or reimbursement of each party's attorney fees incurred in connection with the action for Dissolution of Marriage, and then in determining what the court considered to be reasonable fees.

The judgment of the trial court must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Absent a finding of unconscionability or contravening public policy, the trial court should not interfere with a couple's nonmodifiable contractual or decretal agreement. *Mason v. Mason*, 873 S.W.2d 631, 635 (Mo.App. E.D.1994). As a matter of public policy, reasonableness is an implied term in every contract for attorney fees. *State ex rel. Chase Resorts, Inc. v. Campbell*, 913 S.W.2d 832, 835 (Mo.App. E.D.1995). Thus, if Wife cannot lawfully contract with her attorney for an unreasonable fee, Wife and Husband cannot lawfully contract for reimbursement of more than a reasonable fee. *See id.*

Further, Wife does not challenge the trial court's determination that her attorney fees were unreasonable. Rather, Wife only challenges the trial court's ability to limit her attorney fees to those that are reasonable without such a qualification in the Separation Agreement. Once liability on a contract has been determined, the trial court as a matter of law may calculate attorney fees permitted under the contract. *Id.* at 835. There is no dispute that under the Separation Agreement funds received by the parties from the sale of the marital home would be used for payment or reimbursement of each party's attorney fees incurred in connection with the action for Dissolution of Marriage. Liability on the contract therefore has been determined, and the trial court may award reasonable attorney fees as a matter of law.

The trial court is considered an expert on the necessity, reasonableness, and value of an attorney's services. *Kiem v. Kiem*, 945 S.W.2d 603, 606 (Mo.App. E.D.1997). Accordingly, we will not overturn its award here. We find the trial court did not err in modifying the parties' Separation Agreement by adding the word "reasonable" to the parties' agreement that funds received by the parties from the sale of the marital home would be used for payment or reimbursement of each party's attorney fees incurred in connection with the action for Dissolution of Marriage. The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and PAUL J. SIMON, J., concur.

4. The balance of the funds received from the sale of the home will be divided 52% to Wife and 48% to Husband.

5. In its judgment, the trial court transposed Husband's and Wife's attorney fees incurred and awarded. To correct this error, the court granted Wife's Motion to Amend Judgment and Decree Nunc Pro Tunc.

6. The trial court also found Wife incurred over $5,000 in costs and expenses and Husband incurred approximately $1,000 in costs and expenses. The court ordered that the parties are responsible for their respective costs and expenses, consistent with the Separation Agreement.