STATE ex rel. Marcia BEHRENDT and Roger Plackemeier, Relators,

v.

Honorable Mark H. NEILL, Twenty-Second Judicial Circuit, City of St. Louis, Missouri, Respondent.

No. ED 95541.

Missouri Court of Appeals, Eastern District, Writ Division Seven.

March 15, 2011.

Matthew J. Ghio, Ghio & Desilets, LLP, St. Louis, MO, for Appellant.

Douglas P. Dowd, Alex R. Lumaghi, Dowd & Dowd, P.C., St. Louis, MO, for Respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

DANIEL E. SCOTT, Special Judge.

Relators seek to prohibit civil discovery of their attorney-client communications.

We issued our preliminary writ and now make it absolute.

## Background

Relators, as defendants in a malicious prosecution case pending before Respondent, are alleged to have filed two federal lawsuits without legal or factual basis as part of a multi-year, multi-faceted effort to derail a downtown St. Louis development project and embarrass its potential lenders.[1] After Relators' federal cases were dismissed, some of those parties (now "Plaintiffs"[2]) sued Relators in state court for malicious prosecution and have obtained partial summary judgment. The sole liability issue remaining for trial is whether Relators instituted their federal lawsuits "maliciously."

Attorney Matthew Ghio consulted with Relators prior to their federal lawsuits, filed those actions and represented Relators therein, and now defends Relators in the malicious prosecution case. During discovery in the pending case, Plaintiffs subpoenaed Ghio's legal research, legal memoranda, and other documents "for the purpose of investigating the legal validity or probable cause" for the federal lawsuits. Upon objection, the subpoena was quashed on condition that Relators, in accordance with their stated intention and the court's order that they do so or produce the documents, waive in writing their right to assert advice of counsel as a defense. Relators timely filed this written waiver.

Next, despite Relators' claims of work product and attorney-client privilege, Plaintiffs sought court-ordered production of email and other communications between Relators and Ghio. Plaintiffs urged

---

1. For purposes of this opinion only, we assume that the pleaded allegations are true.

2. Plaintiffs include Missouri Development Finance Board, Land Clearance for Redevelopment Authority of the City of St. Louis, NSG Developers LLC, and St. Louis U.S. Custom House and Old Post Office Building Associates, L.P.

that Relators lost their attorney-client privilege, regardless of their waiver of the advice of counsel defense, by two *earlier* acts: (1) pleading an "affirmative defense" that they acted reasonably and without malice; and (2) admitting at deposition that they relied on Ghio to develop their federal court theories. Respondent agreed with Plaintiffs and ordered production on the following basis:

> A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue. *Sappington v. Miller*, 821 S.W.2d 901, 904 (Mo. App.W.D.1992). Defendants asserted an affirmative defense that "All actions taken by Defendants were reasonable and done without malice." In their depositions, each Defendant testified that the legal theories pleaded in the federal suits were developed by Mr. Ghio and were not the ideas of the Defendants; nonetheless, each has explicitly waived the "advice of counsel" defense. The Court finds that Defendants have put the communications in issue."

### General Legal Principles

 Prohibition is the proper means to contest Respondent's order. *State ex rel. Wilfong v. Schaeperkoetter*, 933 S.W.2d 407, 408 (Mo. banc 1996); *State ex rel. Chase Resorts, Inc. v. Campbell*, 913 S.W.2d 832, 838 (Mo.App.1995). Application of the attorney-client privilege is a matter of law. *Chase Resorts*, 913 S.W.2d at 838.

 The Missouri Supreme Court "has spoken clearly of the sanctity of the attorney-client privilege." *State ex rel. Peabody Coal Co. v. Clark*, 863 S.W.2d 604, 607 (Mo. banc 1993).

The relationship and the continued existence of the giving of legal advice by

persons accurately and effectively trained in the law is of greater societal value ... than the admissibility of a given piece of evidence in a particular lawsuit. Contrary to the implied assertions of the evidence authorities, the heavens will not fall if all relevant and competent evidence cannot be admitted. *Id.* (quoting *State ex rel. Great American Ins. Co. v. Smith*, 574 S.W.2d 379, 383 (Mo. banc 1978)). Confidentiality is essential if attorney-client relationships are to be fostered and effective. *Great American*, 574 S.W.2d at 383–84.

 Although the privilege may be waived, such waiver must be voluntary. *Smith v. Smith*, 839 S.W.2d 382, 385 (Mo. App.1992). For example, "anticipatory waiver of the attorney-client privilege may occur where the client places the subject matter of the privileged communication in issue in the litigation." *Chase Resorts*, 913 S.W.2d at 837 (citing *Sappington*, 821 S.W.2d at 904). This commonly arises when a party claims "reliance on legal advice as an element of a claim or defense." *Id.*

### Analysis

#### *Privilege Not Waived*

 Relators did not waive their attorney-client privilege by their pleadings or deposition testimony. As to the former, Relators never pleaded advice of counsel as a defense. They did plead that they acted "without malice"—which is now the sole liability issue left for trial—but this injected no new issue because malice is an element of malicious prosecution on which Plaintiffs bear the burden of proof.[3] *See Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 318 (Mo.App.2010).

██ ██ Nor did Relators lose their privilege by answering opposing counsel's de-

---

**3.** At the risk of belaboring the point, although Relators labeled their "without malice" asser-

tion as an "affirmative defense," it is not one specified under § 509.090 or Rule 55.08, or in

position questions, because a waiver "extorted under cross-examination" is not voluntary. *Smith*, 839 S.W.2d at 385. Likewise, disclosure "in response to an adverse party's discovery inquiry is not voluntary." *State ex rel. Chance v. Sweeney*, 70 S.W.3d 664, 670 (Mo.App.2002). *Chance* involved the physician-patient privilege, but the same rule applies here. Information given in reply to an adverse party's inquiry is considered to be "extorted" and involuntary. *Id.*

Moreover, any uncertainty on either of these issues was answered when Relators formally waived, of record, any advice of counsel defense.

In summary, although Relators might have pleaded advice of counsel in defense to Plaintiffs' action, they did not do so and have formally waived the right to defend on that basis. They are, in effect, like an earlier relator of which our supreme court said:

> In this case relator has not instituted the suit involving the collision in which he was involved. He is a defendant, brought into court involuntarily. He has not indicated, as did the plaintiff in *Keet*, a willingness and an intention to waive the privilege available to him. We conclude that Cain has not waived his privilege.

*State ex rel. Cain v. Barker*, 540 S.W.2d 50, 57 (Mo. banc 1976) (distinguishing *State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968)).

### Other Arguments

Plaintiffs make several other arguments, none of which are persuasive.

One is that these attorney-client communications include relevant information. This seems almost self-evident, but misses the point of privilege. The fact that Plaintiffs "may find the information helpful ... does not justify a finding of waiver." *Chase Resorts*, 913 S.W.2d at 837. The attorney-client privilege is "a fundamental policy, to which disclosure is the exception." *In re Marriage of Hershewe*, 931 S.W.2d 198, 202 (Mo.App.1996). "Absent a waiver, privileged materials are immune from discovery." *Chase Resorts*, 913 S.W.2d at 838. For these reasons alone, all such "relevance" arguments fail and merit no further discussion.

Plaintiffs also urge that "the fraud exception to privilege applies," primarily citing *State ex rel. Peabody Coal Co. v. Clark*. As this court recently observed, however, *Clark* did not hold "that this exception applied in a civil context, and expressly did not decide that issue in that case." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 122 (Mo.App.2008). *Crow* also did not reach that issue, and we need not do so here. Plaintiffs are not claiming that *they* were defrauded, but that Relators "perpetrated a fraud on *the federal court*" (our emphasis). Even were this true, Relators do not explain why they can conduct discovery for the federal court or assert its rights *jus tertii*, nor have they cited authority for that proposition.

Plaintiffs suggest that Relators waived their advice of counsel defense solely in order to avoid discovery. We cannot say whether this is so, although we have noted that Relators never pleaded this defense;

---

the sense that "even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Mobley v. Baker*, 72 S.W.3d 251, 257 (Mo.App.2002). If Plaintiffs

can persuade jurors of Relators' malice, Relators' assertion raises no "additional facts" to be proved on that issue. In effect, Relators are merely denying a necessary element of Plaintiffs' case-in-chief.

they denied this was their defense when Plaintiffs previously sought Ghio's work product; and they filed a formal waiver of the defense before the current issue arose. Yet even if Relators *were* trying to limit discovery, Plaintiffs fail to explain why a party cannot waive, withdraw, or elect not to assert a claim or defense for that reason.

Plaintiffs urge that Relators "intend to testify at trial that they relied on Mr. Ghio in pursuing their legal theories," despite (1) their waiver of an advice of counsel defense and (2) trial court rulings that Relators "have waived any defense of having acted on the advice of counsel in filing their lawsuit" and "have taken responsibility for knowing whether or not their claims were just, legal and proper." We will not speculate on evidence or arguments that Relators may offer at trial, the propriety or scope of possible relief *in limine*, or other matters outside the discovery and privilege issues now before this court. The trial court has broad discretion in handling such matters if and when they arise.

## Conclusion

Our preliminary order in prohibition is made absolute. We prohibit Respondent from requiring Relators or their attorney, Matthew Ghio, to produce attorney-client privileged information, and we direct Respondent to set aside its September 21, 2010 order compelling Relators to produce such documents.[4]

DON BURRELL, JR., Sp.J., and WILLIAM W. FRANCIS, JR., Sp.J., concur.

---

4. Our ruling on the attorney-client privilege moots any error in Respondent's failure to address Relators' work product claim. *See Cain,* 540 S.W.2d at 57–58.