

# Missouri Court of Appeals

## Southern District

### Division Two

PEPPERS CEMETERY FOUNDATION,    )
)
    Plaintiff-Appellant,    )
and    )
)
OPAL MASSEY,    )
)
    Plaintiff-Respondent,    )
v.    )    No. SD33320
)
DANNY W. MCKINNEY, TRUSTEE    )    **Filed: Feb. 4, 2015**
of the Revocable Living Trust Agreement    )
of Norman C. Bennett and Pearl L. Bennett;    )
DANNY W. MCKINNEY, individually;    )
NADINE M. MCKINNEY, and TRINITY    )
EVANGELICAL LUTHERAN CHURCH    )
OF LEBANON, MISSOURI,    )
)
    Defendants-Respondents.    )

APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Steven B. Jackson, Associate Circuit Judge

**AFFIRMED**

Plaintiff Peppers Cemetery Foundation ("Foundation") appeals the portion of a

judgment of the probate division of the circuit court ("the trial court") that ordered

Foundation to pay $2,000 to Plaintiff Opal Massey ("Respondent") for attorney fees she

incurred ("the additional attorney fees") in connection with her motion to enforce a

settlement agreement the parties had reached in their lawsuit over the proper

1

administration and distribution of the assets of a trust.[1] The payment of other specified attorney fees to separate lawyers for Foundation ($1,500) and Respondent ($13,500) ("original attorney fees") from the trust had been agreed upon in a Memorandum of Agreement ("the Memorandum") signed on behalf of all parties (as well as counsel for the represented parties) at the conclusion of a May 2012 mediation session.[2]

Foundation contends the trial court erred in awarding the additional attorney fees "as a result of [Foundation's] attempt to inquire into the reasonableness of" Respondent's original attorney fees "because the reasonableness of the attorney's fee claim is an implied term of the mediated settlement." Because the trial court had broad discretion under section 456.10-1004[3] to award reasonable attorney fees, and Foundation has failed to prove that the trial court abused that discretion, we affirm.

### Facts and Procedural Background

In February 2012, Respondent and Foundation, as beneficiaries of the trust, filed their joint petition, which asserted nine counts for relief. In March 2012, the parties stipulated that they would complete mediation within 90 days. Foundation agrees in its brief (citing the enforcement motion) that mediation was held, and "the parties set out the essential terms of an agreement for settlement of the case" in the Memorandum.

The Memorandum, dated May 14, 2012, provided for the payment of specific sums from the trust to Foundation, Respondent, the Church, and Mr. McKinney. It then provided:

> From the balance left in the trust is to be deducted $1,500.00 attorney fees to Angela C. Rieschel [("Foundation counsel")] and

---

[1] We will refer to Trinity Evangelical Lutheran Church of Lebanon, Missouri as "the Church". Foundation and Respondent are the only parties that have filed a brief in this appeal.
[2] Counsel for the Church subsequently entered the case in December 2013.
[3] RSMo Cum. Supp. 2012.

$13,500.00 attorney fees to Heather McBride [("Respondent counsel")]. After those amounts are deducted, the balances of proceeds are to be divided one fourth each to the [Church], [Respondent], [Foundation,] and [Mr.] McKinney. [Mr.] McKinney is responsible for paying David Wilhite's attorney fees [Mr. Wilhite had represented the McKinneys individually and Mr. McKinney as successor trustee].

This agreement resolves all issues in the above styled case.

In its statement of facts, Foundation asserts[4] that on October 17, 2012, "the parties reached agreement that a circulated settlement agreement contained correct terms." Foundation subsequently notified Respondent that "it would not sign the settlement agreement" and "[s]tarting on October 24, 2012, [Foundation] sought an itemized statement of [Respondent's] attorney fee invoices for [Respondent's counsel] verifying the $13,500 incurred by [Respondent]."

In February 2014, Respondent filed the enforcement motion, which incorporated an unexecuted "Settlement and Release Agreement" ("the Settlement Agreement"), other documents related to the Settlement Agreement, and Respondent counsel's affidavit affirming the truth of the matters stated in the enforcement motion. The enforcement motion also sought additional attorney fees against Foundation in favor of Respondent for services performed in "the researching, drafting, filing, and argument of" the enforcement motion, and it stated that the attorney fees had "exceed[ed] the amount set forth in the Memorandum[.]" Respondent argued that the enforcement motion "would not have been necessary but for [Foundation's] refusal to sign documents evidencing the agreement it and the other parties to this case made following mediation in May 2012." The McKinneys also joined in the enforcement motion.

---

[4] Foundation cites assertions in Respondent's enforcement motion as the record supporting the statements of fact addressed in this paragraph.

3

A February 13, 2014 hearing was held on the matter, but it was not recorded. The next day, the trial court entered an order stating that all parties had agreed that the Memorandum was "enforceable, and that all parties [were] in agreement that the settlement documents" also included with the enforcement motion were "correct." The order noted that "Foundation argued it should be permitted to review [Respondent's] attorney fees invoices for reasonableness of the fees." The order also stated that Respondent objected on the grounds of privilege and argued that the Memorandum did not require any review for reasonableness, but "[t]o dispose of this matter," Respondent asked the trial court to review the invoices "*in camera* and under seal[.]" The order also stated that "Foundation agreed to the same." Respondent counsel was ordered to submit "her firm invoices for work performed and costs incurred by [Respondent] in the above-captioned matter." Finally, the order stated that the trial court would review the "invoices for reasonableness, and the Court's determination of the same shall be final and binding on all parties."

On March 4th, the trial court entered an order sustaining the enforcement motion and directing the parties "to execute the [Settlement Agreement], and all exhibits thereto," in a form revised to show counsel for the Church and current dates for the execution of the documents. The order reflected the receipt of "itemized copies of all attorney fees and costs incurred by [Respondent] from the inception of this matter to date." It found that original attorney fees of $13,500 referenced in the Memorandum for Respondent counsel were "appropriate and reasonable for the services performed by [Respondent's] counsel on her behalf in this matter." It sustained Respondent's request for additional attorney fees and directed that the payment to Foundation under the

4

Settlement Agreement be offset by $2,000 in order to pay this amount for such fees to Respondent.

The trial court entered its "FINAL JUDGMENT" on March 12th. The judgment stated, *inter alia*, that "without presentation of any evidence, all parties agreed [Respondent] would file itemized billing records under seal for the Court's in camera review. [Respondent] also requested attorney fees for bringing the [enforcement motion] and [Foundation] objected." The judgment made orders consistent with the March 4th order, including reference to the finding that the preparation, filing, and argument of the enforcement motion along with the preparation of a "proposed order would not have been necessary but for [Foundation's] refusal to sign the settlement documents and [Respondent] should receive additional attorney fees in the amount of Two Thousand Dollars ($2,000.00) as a reasonable fee."

Foundation timely filed a "MOTION FOR NEW TRIAL AND MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, MOTION TO AMEND THE JUDGMENT AND SUGGESTIONS IN SUPPORT" ("new trial motion"). Foundation asserted that: Respondent "presented no evidence" concerning additional attorney fees; had such evidence been presented, Foundation "would have presented evidence in opposition and . . . preserved objections"; it was appropriate for Foundation to inquire into the reasonableness of Respondent's original attorney fees; and the trial court abused its discretion in awarding the additional attorney fees. During argument on the new trial motion, Foundation's counsel suggested that Respondent had not requested additional attorney fees at the February 13th hearing and that "[i]f she had requested attorney fees, we would have asked for a hearing and presented evidence that the documents, number

5

one, were not presented -- were not properly prepared." Foundation counsel concluded her argument by stating:

> We don't have any problem with the judgment except for the part where it says that there was evidence presented on the additional attorney fees of $2,000 and that we objected. We didn't object because there was no request made to the Court. And we would respectfully ask the Court to omit that in the judgment or, at least, set a hearing so we can say our piece.

The trial court summarized its recollection of the "last hearing that led to this."

That summary included the following:

> I can tell you without question that I heard [Respondent counsel] bring up the issue that she had had to bring this action and would request fees for that. I don't remember an actual amount being suggested. I do remember [Respondent counsel] specifically saying that there had been additional costs incurred and that they would seek that. And I believe it's also set forth -- I'd have to pull the motion, but I believe it's requested in the motion. So I believe it's been pled, I believe it was requested.

The trial court also recalled:

> [I]t was agreed to and this matter was taken up with no record, no other evidence presented by agreement of the parties. The issue of additional attorney's fees was submitted as being requested by [Respondent counsel]. I don't know why anyone or no one else heard it. I can tell you unequivocally I heard it.

None of these recollections are refuted by the record on appeal. The trial court also observed that Respondent counsel's "documents ha[d] proposed $6,000" for additional attorney fees. The trial court noted its position as an expert on attorney fees, an awareness of what it believed local attorneys would have charged, and that it had reviewed "the actual documents prepared and submitted . . . as well as holding the hearings" so as to "assess a value of" the services rendered concerning the enforcement motion at $2,000.

The trial court denied the new trial motion, and this appeal timely followed.

6

**Applicable Principles of Review and Governing Law**

"The general rule is that in reviewing a court-tried case, we will affirm the judgment unless it is against the weight of the evidence, there is no substantial evidence to support it, or the trial court has erroneously applied or declared the law." *Muilenburg, Inc. v. Cherokee Rose Design & Build, L.L.C.*, 250 S.W.3d 848, 851 (Mo. App. S.D. 2008). "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Section 456.10-1004.

> Where the legislature statutorily authorizes an award of attorney's fees in the discretion of the trial court as in this case, the decision to grant or deny attorney's fees is reviewable for an abuse of discretion. *In re Gene Wild Revocable Trust*, 299 S.W.3d [767,] 782 [(Mo. App. S.D. 2009)]. The trial court abuses its discretion in awarding attorney's fees if the award is either arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Id.* (internal quotes and citation omitted). "An award of attorney's fees is presumed to be correct, with the burden on the complaining party to prove otherwise." *Id.* (internal quotes and citation omitted). When reviewing a challenge to an attorney's fees award, the appellate court gives deference to the discretion of the trial judge who, by virtue of his or her office and experience, is considered an expert in determining the proper amount of compensation for legal services.

*O'Riley v. U.S. Bank, N.A.*, 412 S.W.3d 400, 418-19 (Mo. App. W.D. 2013).

**Analysis**

Foundation's point contends the trial court erred in awarding Respondent the additional attorney fees, but it does not identify the nature of the error requiring reversal. The point alleges that the award of the additional attorney fees resulted from Foundation's "attempt to inquire into the reasonableness of" Respondent's original attorney fees and such reasonableness "is an implied term of the mediated settlement." The point does not

contend that the amount of the additional attorney fees is unreasonable, and in its argument supporting the point, Foundation "abandons its inquiry into the reasonableness of the $13,500 attorney's fee claim[.]"

Foundation's supporting argument maintains that "[t]he award of $2,000 for [additional] attorney's fees had no basis in law as [Foundation] properly policed the bargain when it inquired into the reasonableness of [Respondent's attorney] fees" and that Foundation "merely seeks not to be penalized for having inquired into [the] reasonableness" of Respondent's original attorney fees.[5] But section 456.10-1004 explicitly provides a legal basis for a trial court to award attorney fees in any case involving the administration of a trust. *O'Riley*, 412 S.W.3d at 418. We therefore interpret Foundation's claim on appeal to be that the trial court abused its discretion in ordering Foundation to pay the additional attorney fees because Foundation was entitled to question the reasonableness of Respondent's original attorney fees under the parties' mediated agreement.

Foundation argues that "reasonableness is an implied term in every contract for attorney's fees[,]" quoting *State ex rel. Chase Resorts, Inc. v. Campbell*, 913 S.W.2d 832, 835 (Mo. App. E.D. 1995). The contract in that case was an insurance policy that provided for the reimbursement of expenses, including legal fees, incurred in defending a claim. *Id.* at 834. It does not appear that the precise amount of legal fees was specified in that contract. *Id.* The court found that while the policy did not "expressly limit [the insured's] reimbursement to fees reasonably incurred"; it also found that "an attorney, as a

---

[5] Foundation also argues that Respondent counsel's invoices were submitted to the trial court under seal so that it did not see them and that these documents were not actually admitted into evidence, but such issues are not preserved for review as they were not raised in the point relied on. *Hollida v. Hollida*, 131 S.W.3d 911, 916 n.6 (Mo. App. S.D. 2004). And, as noted above, Foundation expressly abandons its inquiry into the reasonableness of Respondent counsel's original attorney fees.

fiduciary, cannot bind his client to pay a greater compensation for his services than the attorney would have the right to demand if no contract had been made." *Id.* at 835. As a result, the insurance company could inquire into the reasonableness of attorney fees billed to the insured. *Id.* However, the opinion also noted that "[t]he trial court, as an expert on attorney's fees, may award reasonable amounts as a matter of law." *Id.*

This case is similar to *Chase Resorts* in that it involves the agreement of a third party (Foundation) that allows the attorney fees of another party (Respondent) to be paid in a manner that affects Foundation's own interests as a trust beneficiary. But unlike *Chase Resorts*, *see id.* at 834, the Memorandum expressed an agreement by Foundation that Respondent counsel would be paid a precise figure for attorney fees, and it did not express any limitation or qualification on the agreement to pay that exact figure.

In any event, we need not decide whether these distinctions mean that Foundation was prohibited by the terms of the Memorandum from challenging the reasonableness of the original attorney fees such that it would have been proper to "penalize" Foundation by awarding the additional attorney fees. The trial court's discretion in awarding attorney fees "[i]n a judicial proceeding involving the administration of a trust" under section 456.10-1004 is not limited to instances where a "penalty" is warranted. "Instead, it leaves the award to the trial court's determination of what 'equity and justice' require." *Rouner v. Wise*, 446 S.W.3d 242, 260 (Mo. banc 2014). "Section 456.10-1004 is a discretionary statute." *Lehmann v. Bank of America, N.A.*, 427 S.W.3d 315, 324 (Mo. App. E.D. 2014); *see also Gene Wild Revocable Trust*, 299 S.W.3d at 784 (the trial court's finding that the payment of the attorney fees should be taken out of the trust before its division was "the province of the probate court within its sound discretion").

9

As a result, we cannot find that the trial court's award of the additional attorney fees was "either arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration." *Id.* at 782 (quotations and internal citations omitted). Foundation's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS